IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JAMES R. HESTER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 4:20-cv-00514-P |
| vs. | § | |
| | § | |
| BELL-TEXTRON, INC. | § | |
| | § | |
| Defendant. | § | <u>JURY TRIAL DEMANDED</u> |

**<u>PLAINTIFF'S SECOND AMENDED COMPLAINT</u>**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff James R. Hester ("Plaintiff" or "Hester") complaining of Defendant Bell Textron, Inc. ("Defendant" or "BTI"), and files this his Second Amended Complaint, and in support thereof would show the Court as follows:

I.

**<u>Introduction</u>**

1.01 Plaintiff would show the Court that Defendant wrongfully fired him in violation of the Family and Medical Leave Act and/or the Rehabilitation Act.

II.

**<u>Parties</u>**

2.01 Plaintiff Hester is an individual who may be contacted in care of the undersigned counsel. Plaintiff is a resident and citizen of the State of Texas.

2.02 Defendant Bell Textron, Inc. is a Delaware corporation with headquarters located at 40 Westmister Street, Providence, RI 02903. Defendant may be served with process by serving its registered agent for service, Chandria Mercer, 3255 Bell Flight Blvd., Fort Worth, Texas 76118.

III.

## Jurisdiction and Venue

3.01 Pursuant to 28 U.S.C. §1331, jurisdiction of this Court is appropriate in the United States District Court for the Northern District of Texas, as this action involves a question of the application of federal law, namely the Family and Medical Leave Act (the "FMLA") and the Rehabilitation Act.

IV.

## Factual Allegations

4.01 Plaintiff was employed by Defendant in various capacities from August 1997 through December 2018, including as an Engineer, Engineer Tech, Quality Inspector, Technical Publication Writer, and FAA ODA Unit Member – Maintenance and Manufacturing.

4.02 Plaintiff qualified for protection under the FMLA for several reasons. His wife was suffering from cancer since 2012, and he was needed to assist with comfort and attending doctor appointments. Plaintiff also suffered from Epilepsy and Glaucoma. He suffered five grand mal seizures as a result of the Epilepsy, with the last being approximately April 2017.

4.03 Plaintiff reported to Vance Cribb starting around March 17, 2017. Cribb was aware of Plaintiff's history of seizures. Additionally, Cribb was aware of symptoms from Glaucoma and/or epilepsy, including headaches, occasional difficulty concentrating, and blood red eyes. Cribb gave Plaintiff his first bad performance review in his history with the company in approximately June 2018.

4.04 On or about October 11, 2018, Cribb presented Plaintiff with a "final warning" related to a broken part from the previous Friday. There was nothing unusual about parts breaking during testing, as the point of the testing was to determine the limits of the materials

worked with. Plaintiff protested the writeup, but was then escorted off the property and told to apply for an employee assistance program within 24 hours. Plaintiff called Sonja Clark in the HR department, who suggested Plaintiff apply for short term disability. Plaintiff applied for short term disability coverage during his absence related to the glaucoma and epilepsy, which was granted. He also applied for and was granted FMLA leave while his doctors were in the process of conducting further tests concerning his epilepsy and/or glaucoma to develop a treatment regimen.

4.05 Plaintiff was fired by Defendant on or about December 6, 2018 during his FMLA leave by phone call with HR employee Keith Rice. Defendant cited a poor mid-year performance review from June 2018, the first in Plaintiff's long career, and stated that "it was a good time" for Plaintiff to separate from the company.

4.06 Plaintiff called MetLife insurance after the call, and they informed Plaintiff that he still had 5.4 weeks of FMLA in the year to care for his wife and for his own medical needs, and an additional 12 weeks in the coming year.

## V.

## First Count

## FMLA

5.01 The foregoing paragraphs in this Complaint are incorporated in this count by reference as fully as if set forth at length herein.

5.02 Plaintiff was an eligible employee under the FMLA. He had worked full time for Defendant more than one year, and was eligible for FMLA leave at the time of his application for coverage.

5.03 Defendant was subject to the provisions of the FMLA. Defendant employed at least

fifty (50) employees within a seventy-five (75) mile radius of Plaintiff's work site for twenty (20) or more work weeks in the prior or current calendar year.

5.04 At the time of the discharge, Plaintiff's wife had suffered from one or more "serious health conditions" as defined by the FMLA. 29 U.S.C. § 2611(11). In particular, Plaintiff's wife was suffering with Stage Four Cancer. This was also a "serious health condition" because it resulted in a period of incapacity of over three days, which required treatment by physicians and prescription medications. Plaintiff 's wife is under the continuing care of her physicians for treatment for this condition.

5.05 Plaintiff also suffered from one or more serious health conditions, in that he suffered from epilepsy and glaucoma. He suffered at least five grand mal seizures from September 2014 through April 2017. Plaintiff was placed on continuous medical leave in October 2017 by supervisor Vance Cribb, who told Plaintiff he had to leave work on a "Life Matters" employee assistance program based on his medical conditions.

5.06 Defendant discriminated against and/or interfered with Plaintiff in the exercise of his FMLA rights by firing him during the pendency of his FMLA leave, and while he still had leave remaining. Defendant therefore also failed to reinstate him to his position upon the termination of his leave.

5.07 Defendant's actions are presumed to be "willful" under the statute, so that Plaintiff is entitled to liquidated damages. *See,* 29 U.S.C. § 2617(a)(1)(A)(iii).

5.08 Plaintiff is entitled to recover his reasonable and necessary attorney's fees, as well as litigation costs including expert witness costs.

**VI.**

**Second Count**

**<u>The Rehabilitation Act</u>**

6.01 The foregoing paragraphs in this Complaint are incorporated in this count by reference as fully as if set forth at length herein.

6.02 Defendant is subject to the requirements of the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 793 and 794b. Specifically, Defendant has one or more federal contracts exceeding $10,000.

6.03 Defendant has discriminated against Plaintiff solely because of his handicap/disability with respect to the terms and conditions of his employment by refusing to accommodate Plaintiff, and by discriminating and retaliating against Plaintiff and by ultimately discharging Plaintiff for seeking medical accommodation in the form of leave to allow treatment for his conditions. Defendant has thereby intentionally engaged in unlawful employment practices prohibited by the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 793 and 794.

6.04 As a result of such discrimination, Plaintiff is entitled to recover his damages, including lost wages, mental anguish, and reasonable and necessary attorney's fees.

VII.

**<u>Jury Trial Demanded</u>**

7.01 Plaintiff hereby demands trial by jury of all claims to which he is entitled.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and that upon final trial, Plaintiff have and recover the following relief against Defendant:

1. Judgment for actual damages in the amount of past and future lost earnings and benefits, damages to past and future earnings capacity, and past and future

damage to reputation;

2. Judgment for past and future pecuniary losses, emotional pain and suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses;

3. An award of liquidated and/or statutory damages in an amount equal to all lost wages, salary, employment benefits and privileges, and other compensation lost as a result of Defendant's wrongful conduct in an amount proven at trial;

4. An order by the Court reinstating Plaintiff as an employee of the Defendant in a similar position with similar pay and benefits to that from which he was wrongfully terminated, or, in the alternative, future pay in an amount to be determined by the Court;

5. Prejudgment and post-judgment interest at the maximum legal rate;

6. Attorney's' fees;

7. Expert fees;

8. All costs of court; and

9. Such other and further relief to which Plaintiff may be justly entitled.

DATE: November 29, 2021.

Respectfully submitted,

**KILGORE & KILGORE, PLLC**

By: */s/ John H. Crouch, IV*

JOHN H. CROUCH, IV
State Bar No. 00783906
jhc@kilgorelaw.com

3109 Carlisle, Suite 200
Dallas, TX 75204
(214) 969-9099 - Telephone
(214) 953-0133 - Fax

**ATTORNEYS FOR PLAINTIFF,**
**JAMES R. HESTER**

**CERTIFICATE OF SERVICE**

On November 29, 2021, I hereby certify that I have served all counsel and/or *pro se* parties of record a copy of the foregoing document by mailing it to their counsel of record, or by another manner authorized by Federal Rule of Civil Procedure 5 (b)(2) as indicated below:

**Via ECF**

Jay K. Rutherford
Sara K. Harris
Jackson Walker LLP
777 Main Street, Suite 2100
Fort Worth, Texas 76102-5360

*/s/ John H. Crouch, IV*
John H. Crouch, IV